**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

DARNELL NOLLEY; MARK DAVIS;
GREGORY ASHLEY; and HORACE
DURDEN, ,

      Plaintiffs,

      v.

HOMER BRYSON; THOMAS GRAMIAK;
EDWINA JOHNSON; JUANDA
CRAWFORD; and JANE DOE, Food Service
Director, Ware State Prison,

      Defendants.

CIVIL ACTION NO.: 5:15-cv-96

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs, inmates at Ware State Prison in Waycross, Georgia, have brought this suit contesting certain conditions of their confinement pursuant to 42 U.S.C. § 1983. (Doc. 1.) For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Plaintiffs' Complaint **WITHOUT PREJUDICE**, **DENY** Plaintiffs' Motion to Certify Class, (doc. 3), and **DENY** Plaintiffs leave to proceed on appeal *in forma pauperis*.

The Court **GRANTS** Plaintiff Mark Davis' Motion to Amend the Complaint, (doc. 6), and hereby deems the Complaint amended with the allegations contained in Plaintiff Davis' pleading. Given that I am recommending dismissal of the Complaint, as amended, Plaintiffs' Motion to Appoint Counsel, (doc. 2), and Plaintiff Nolley's Motion for Leave to Proceed *In Forma Pauperis*, (doc. 9), are hereby **DISMISSED AS MOOT**.

**BACKGROUND**

Plaintiffs have attempted to bring this suit on behalf of themselves, as well as on behalf of all persons similarly situated. (Doc. 1, p. 8.) They state they are incarcerated in the Tier II Housing Unit at Ware State Prison. Id. Plaintiffs allege that in the Tier II Unit, they have been deprived of the minimal civilized measures of life's necessities in violation of the Eighth Amendment. (Id. at p. 9.) They seek injunctive relief, compensatory damages, and punitive damages.

Since the initiation of this action, Plaintiffs have filed various pleadings, sometimes individually and at other times in tandem. For instance, Plaintiff Darrell Nolley has filed a motion requesting to proceed *in forma pauperis*, (doc. 9), and a Motion to Appoint Counsel, (doc. 2), while Plaintiffs have filed a collective Motion for Class Certification, (doc. 3).

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis* and pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted

or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

3

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Claims of Multiple Plaintiffs in One Action

The Eleventh Circuit Court of Appeals has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions[.]" Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Court of Appeals noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). After interpreting the PLRA, the Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed *in forma pauperis* together. The Eleventh Circuit concluded that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). Specifically, the Eleventh Circuit affirmed the following procedure:

> The district court never reached the merits of the case, but instead dismissed the case, finding that each plaintiff had to file a separate complaint and pay a separate

> filing fee. To facilitate its ruling, the district court indicated that it would open a
> new suit with a separate number in each of the plaintiff's names and consider the
> original complaint to be their complaints. The majority of the 18 plaintiffs had
> already filed separate petitions to proceed IFP. The court directed each of the
> remaining plaintiffs to file his own form complaint and petition to proceed IFP.
> The court then dismissed the original multi-plaintiff complaint without prejudice.

Id. Ultimately, the Eleventh Circuit determined that "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee[.]" Id.

As in Hubbard, Plaintiffs have filed a Complaint jointly, but only Nolley has filed a motion to proceed *in forma pauperis*. Allowing Plaintiffs to proceed together and bring their complaints in a single lawsuit would circumvent the Congressional purpose in promulgating the PLRA. Id. at 1197–98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 CONG. REC. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). Thus, if Plaintiffs were allowed to proceed together and proceed IFP, this would defy the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). In sum, any attempt by Plaintiffs to proceed in this action together violates the requirements of the PLRA. See Bowens v. Turner Guilford Knight Det., 510 F. App'x 863 (11th Cir. 2013) (affirming dismissal, under Hubbard, of complaint in which six inmates joined claims in a single suit); Garcia v. McNeil, No. 4:07CV474-SPM/WCS, 2010 WL 4823370, at *2 (N.D. Fla. Aug. 12, 2010), *report and recommendation adopted*, No. 4:07-CV-474-SPM WCS, 2010 WL 4818067 (N.D. Fla. Nov. 22, 2010) ("Hubbard decided that since every prisoner must pay a full filing fee, and since other litigants who join together in one complaint pay only one filing fee, prisoners cannot join under Rule 20. That means that the prisoners here, who have a lawyer and who do not pursue frivolous claims, cannot join under

5

Rule 20 in light of Hubbard—even if each of them pays [the filing fee]. This court is bound by Hubbard.").

Eleventh Circuit law clearly prohibits multiple prisoner plaintiffs from proceeding *in forma pauperis* in the same civil action. Consequently, the Court should **DISMISS** this action **WITHOUT PREJUDICE** and require each Plaintiff to file his own individual complaint with each paying the Court's filing fee or moving to proceed *in forma pauperis* individually.

**II.    Class Action Claims**

Proceeding as *pro se* litigants, Plaintiffs will not be able to represent their fellow inmates in a class action, given that "[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (*per curiam*) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)); see also Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972)[1] (affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates). As the Fourth Circuit has aptly observed,

> An individual unquestionably has the right to litigate his own claims in federal court, before both the district and appellate courts. The right to litigate for oneself, however, does not create a coordinate right to litigate for others. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a *pro se* prisoner may not litigate the interests of other prisoners in class action). The reasoning behind this rule is two-fold: it protects the rights of those before the court, see id., ("the competence of a layman [litigating for] himself [is] clearly too limited to allow him to risk the rights of others"), and jealously guards the judiciary's authority to govern those who practice in its courtrooms, see Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 231 (3d Cir. 1998) ("Requiring a minimum level of competence protects not only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims.").

---

[1]  In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

6

Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005). Simply put, incarcerated *pro se* litigants may not bring a class action on behalf of other prisoners. See Fymbo v. State Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2002) (holding that a *pro se* litigant "cannot adequately represent [a] putative class"); Walker v. Brown, No. CV 112-105, 2012 WL 4049438, at *1–2 (S.D. Ga. Aug. 14, 2012), *report and recommendation adopted*, No. CV 112-105, 2012 WL 4052038 (S.D. Ga. Sept. 13, 2012). Consequently, the Court should **DISMISS** Plaintiffs' class action claims and **DENY** Plaintiffs' Motion to Certify Class, (doc. 3).

### III. Plaintiff Nolley's Claims

As noted above, Plaintiff Darnell Nolley has moved to proceed *in forma pauperis* in this action. Ordinarily, the Court could allow Nolley to amend the Complaint to state claims on his behalf solely. However, the Complaint reveals that Nolley's claims are due to be dismissed for other reasons.

The form Complaint directly asked Plaintiffs about their prior lawsuits and directed Plaintiffs to describe any additional lawsuits on a separate piece of paper. (Doc. 1, p. 2.) The form also inquired into the disposition of any past suits, including whether the prior case was appealed. Id. In the Complaint, Plaintiff Nolley indicated that he had only filed one prior lawsuit while incarcerated or detained. Id. He further indicated that that case was not appealed. Id. However, the case management system shows that Nolley brought at least six lawsuits while he was incarcerated or detained before filing this action:

- Complaint, Nolley v. Nelson, et al., 5:15-cv-75, (M.D. Ga. Mar. 9, 2015), ECF No. 1;
- Order, Nolley v. Bryson, et al., 5:15-cv-324, (M.D. Ga. Sept. 3, 2015), ECF No. 5 (dismissal of Nolley's complaint for failure to accurately disclose litigation history);

7

- Order, Nolley v. Bryson, et al., 4:15-cv-189, (N.D. Ga. Jan. 5, 2016), ECF No. 11 (dismissal of Nolley's complaint, filed on October 5, 2015, for failure to accurately disclose litigation history);

- Order, Nolley v. Deal, et al., 4:13-cv-313, (N.D. Ga. Jan. 2, 2015). ECF No. 38 (dismissal of Nolley's complaint for failure to state a claim);

- Complaint, Nolley v. McLaughlin, et al., 5:15-cv-149, (M.D. Ga. Apr. 27, 2015), ECF No. 1; and

- Order, Nolley v. Unnamed Defendant, 4:15-cv-161, (N.D. Ga. Sept. 25, 2015), ECF No. 5 (administratively closing Nolley's case).

Moreover, contrary to Nolley's assertion, he filed an appeal in the one lawsuit that he disclosed in his Complaint. Notice of Appeal, Nolley v. Deal, et al., 4:13-cv-313, (N.D. Ga. Jan. 26, 2015), ECF No. 40.

As previously stated, Section 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines that it is frivolous or malicious, fails to state a claim, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under Section 1915. Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions." Id. at 225–26 (citing Fed. R. Civ. P. 11(c)). Again, although *pro se* pleadings are to be construed liberally, "a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." Id. at 226.

Relying on this authority, the Court of Appeals for the Eleventh Circuit has consistently upheld the dismissal of cases where a *pro se* prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the Section 1983 complaint form. See, e.g., Redmon, 414 F. App'x at 226 (*pro se* prisoner's nondisclosure of prior litigation in Section 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same). Even where the prisoner has later provided an explanation for his lack of candor, the Court has generally rejected the proffered reason as unpersuasive. See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Another district court in this Circuit explained the importance of an inmate's prior litigation disclosures as follows:

> [t]he inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes

9

> rule" applicable to prisoners proceeding *in forma pauperis*). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-CV-599-FTM-29, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted).[2]

As Nolley filed at least six prior lawsuits while detained, he falsified his litigation history in his Complaint. The plain language of the complaint form is clear—first asking Plaintiffs whether they have ever filed any lawsuit dealing with the same facts involved in this action, (doc. 1, p. 1), and then asking whether Plaintiffs, while incarcerated or detained, have filed any lawsuit in federal court which dealt with facts other than those involved in this action. (Id. at p. 2) (emphasis added).) Thus, regardless of the outcome of Nolley's prior lawsuits, his initiations of those lawsuits are the precise type of activity for which these prompts require disclosure. Moreover, Nolley was well aware of the importance of this duty, as the Middle District of Georgia dismissed one of his prior lawsuits for failure to truthfully disclose his litigation history approximately three months before he filed this lawsuit. Order, Nolley v. Bryson, et al., 5:15-cv-324, (M.D. Ga. Sept. 3, 2015), ECF No. 5.

Nolley's blatant dishonesty before this Court and disregard of his duty of candor cannot be excused. Consequently, the Court should **DISMISS** Nolley's claims for failure to truthfully disclose his litigation history.

---

[2] Nolley's litigation history exemplifies the need for the Court to discover a plaintiff's filing history at the outset of the case. It appears, when his appeals are taken into consideration, that he may be subject to the "three strikes" prohibition of 28 U.S.C. § 1915(g). However, the Court need not determine whether Nolley is a "three striker", as his dishonesty with the Court provides sufficient grounds for dismissal of his claims.

**IV.     Leave to Appeal In Forma Pauperis**

The Court should also deny Plaintiffs leave to appeal *in forma pauperis*.[3]  Though Plaintiffs have, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiffs' action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** *in forma pauperis* status on appeal.

---

[3] A certificate of appealability is not required in this Section 1983 action.

## CONCLUSION

For the numerous reasons set forth above, I **RECOMMEND** that the Court **DISMISS** this action **WITHOUT PREJUDICE**, **DENY** Plaintiffs' Motion for Class Certification, (doc. 3), and **DENY** Plaintiffs leave to appeal *in forma pauperis*. Plaintiffs' Motion to Appoint Counsel, (doc. 2), and Plaintiff Nolley's Motion for Leave to Proceed *In Forma Pauperis*, (doc. 9), are **DISMISSED AS MOOT**.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiffs.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of February, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA