# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

DARNELL NOLLEY; MARK DAVIS;
GREGORY ASHLEY; and HORACE
DURDEN,

        Plaintiffs,

     v.

HOMER BRYSON; THOMAS GRAMIAK;
EDWINA JOHNSON; JUANDA
CRAWFORD; and JANE DOE, Food Service
Director, Ware State Prison,

        Defendants.

CIVIL ACTION NO.: 5:15-cv-96

## O R D E R

Presently before the Court is Mark Davis' Motion to Open New Suit. (Doc. 20.) For the reasons which follow, the Court **DENIES** Davis' Motion.

Davis, who is incarcerated at Ware State Prison in Waycross, Georgia, has been named as a putative Plaintiff in the above-captioned case brought pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court granted Davis' Motion to Amend the Complaint, (doc. 6), and also recommended that the Complaint, as amended, be dismissed.[1] (Doc. 17.) In making this recommendation, the Court noted that the Prison Litigation Reform Act ("PLRA") was designed, in part, to prevent multiple prisoner-plaintiffs from proceeding in the same cause of action. (Id. at pp. 4–5.) The Court also noted the Plaintiffs, as *pro se* inmate litigants, cannot proceed with a class action suit, "given that '[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to

---

[1]  The Court ultimately recommended that the Complaint be dismissed because Plaintiff Darnell Nolley, the one Plaintiff permitted to proceed *in forma pauperis*, had failed to disclose his prior litigation history. (Doc. 17, pp. 7–10.)

represent his fellow inmates in a class action." (Id. at p. 6 (quoting Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005).)

In his Motion, Davis seeks permission to file a new lawsuit with a civil action number different than the instant suit. (Doc. 20-1, p. 3.) While the Court appreciates Davis' efforts to comply with the Court's instruction, Davis has misconstrued the Court's intent. Davis is free to submit a complaint pursuant to 42 U.S.C. § 1983 by submitting an original Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 Form to the Clerk of Court. Davis is instructed to truthfully and fully complete this form, including making his own statement of the claim. To be clear, the Court will not accept for filing a form complaint which instructs the Court to reference the Complaint in the instant case, as Davis has attempted to do through his Motion. In addition, Davis is advised that he is to pay the full filing fee of $350.00 or submit an application to proceed *in forma pauperis*. To this end, the Clerk of Court is **DIRECTED** to send Davis a blank copy of these forms to his address listed upon the docket of this case.

**SO ORDERED**, this 18th day of March, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA