# In the United States District Court
# For the Southern District Of Georgia
# Waycross Division

| | |
|---|---|
| DARNELL NOLLEY, MARK DAVIS, GREGORY ASHLEY, AND HORACE DURDEN, <br><br> Plaintiffs, <br><br> v. <br><br> HOMER BRYSON; THOMAS GRAMIAK; EDWINA JOHNSON; JUANDA CRAWFORD; and JANE DOE, Food Service Director, Ware State Prison, <br><br> Defendants. | CIVIL ACTION NO.: 5:15-cv-96 |

## ORDER

Presently before the Court are Plaintiff Nolley's Motion for Leave to File Supplemental Complaint, dkt. no. 22, and Objections to the Magistrate Judge's Report and Recommendation dated February 2, 2016, dkt. no. 24. Plaintiff's Motion for Leave to File Supplemental Complaint is **GRANTED**.[1] Additionally, after an independent and *de novo* review of the entire record, including the Amended Complaint, the undersigned concurs with the Magistrate Judge's Report and Recommendation, dkt. no.17.

---

[1] Plaintiff Nolley also attached a Motion to Proceed *In Forma Pauperis* with his Supplemental Complaint. Dkt. no. 22-2. However, this Motion is not filed on Plaintiff Nolley's behalf. Moreover, for the reasons set forth in the Magistrate Judge's Report and Recommendation, as supplemented herein, any putative Motion to Proceed *In Forma Pauperis* Plaintiff Nolley has filed is **DENIED**.

Accordingly, Plaintiff's Objections are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge, as supplemented herein, is **ADOPTED** as the opinion of the Court.

## BACKGROUND

Plaintiff Darnell Nolley, an inmate at Ware State Prison, brought this action pursuant to 42 U.S.C. § 1983 on behalf of himself and others to recover monetary damages for their allegedly unlawful imprisonment. Dkt. no. 1. In the Report and Recommendation, the Magistrate Judge conducted the requisite frivolity review under 28 U.S.C. § 1915A. In addition to concluding that Plaintiffs' collective claims could not proceed in a single cause of action, dkt. no. 17, pp. 4-7, the Magistrate Judge determined Plaintiff Nolley falsified his litigation history in the Complaint. (Id. at p. 10.) Accordingly, the Magistrate Judge recommended that this action be dismissed for Plaintiff Nolley's "blantant dishonesty" and "disregard of his duty of candor[.]" (Id.) Plaintiff Nolley filed Objections to the Magistrate Judge's Report and Recommendation, as well as a Motion to Supplement.

## DISCUSSION

I.  Motion to Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend a complaint "once as a matter of course at any time before a responsive pleading is served." The Eleventh Circuit has made

clear that the Prison Litigation Reform Act ("PLRA") does not change this right to amend. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a). Because [plaintiff] filed his motion to amend before the district court dismissed his complaint and before any responsive pleadings were filed, [plaintiff] had the right to amend his complaint under Rule 15(a)."). Accordingly, the fact that the Magistrate Judge has already conducted a frivolity review of Plaintiff's Complaint and issued a Report and Recommendation does not deprive Plaintiff of his right to amend. Id.

Thus, the Court **GRANTS** Plaintiff's Motion for Leave to Amend, dkt. no. 22. The Clerk of Court is **DIRECTED** to file Plaintiff's proposed amendment, dkt. no. 22-1, upon the docket as Plaintiff's Amended Complaint.

## II. The Magistrate Judge's Report and Recommendation

The Magistrate Judge has recommended that the Court dismiss Plaintiff Nolley's Complaint because he failed to truthfully disclose his litigation history. Dkt. no. 17, pp. 7-10. In so doing, the Magistrate Judge noted that Nolley is likely already subject to the "three strikes" provision of 28 U.S.C. § 1915(g). (Id. at p. 10, n. 2.) Plaintiff Nolley has stated in his

Objections that dismissing this Complaint without prejudice would be tantamount to dismissing the Complaint with prejudice because he is a three striker and is indigent. Dkt. no. 24, p. 3.) While Section 1915(g) undoubtedly prevents some indigent prisoner-plaintiffs from proceeding in a civil action without having to pre-pay the requisite filing fee, this statute does not prevent the filing or pursuit of civil actions entirely. Moreover, Plaintiff Nolley was well aware of the requirement that he be truthful with the Court, as he previously filed a case that was dismissed for his failure to disclose his litigation history. Order, Nolley v. Bryson, et al., 5:15-cv-324, (M.D. Ga. Sept. 3, 2015), ECF No. 5 (dismissal of Nolley's complaint for failure to accurately disclose litigation history). Accordingly, Plaintiff Nolley's Objections are **OVERRULED**.

Additionally, it appears that Plaintiff Nolley only filed his Amended Complaint to disclose his previous litigation history. The Amended Complaint sets forth no additional or new allegations against the named Defendants. Plaintiff Nolley's attempt to now come to the Court and disclose his litigation history in response to the Magistrate Judge's Report and Recommendation is too late.

The Court of Appeals for the Eleventh Circuit has consistently affirmed dismissals pursuant to 28 U.S.C. § 1915
AO 72A
(Rev. 8/82)

and Rule 11(c) where a pro se prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the Section 1983 complaint form. See, e.g., Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (pro se prisoner's nondisclosure of prior litigation in Section 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same). Significantly, even where the prisoner has later provided an explanation for his lack of candor, the Court of Appeals has generally rejected the proffered reason as unpersuasive. See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood,

197 F. App'x at 819 ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."). Plaintiff makes no attempt to explain his lack of candor in his original Complaint through his Supplemental Complaint. Moreover, allowing Plaintiff to remedy his lack of candor by way of a supplemental complaint would only reward his untruthfulness in his original Complaint.

Thus, consistent with the above authority and for the reasons stated by the Magistrate Judge, the Court **DISMISSES** Plaintiff's Complaint, as supplemented, without prejudice, for abuse of the judicial process. Plaintiffs' Motion to Certify Class is **DENIED**, and Plaintiffs are **DENIED** leave to appeal *in forma pauperis*. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal and to **CLOSE** this case.

**SO ORDERED**, this ___ day of March, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA